| | |
|---|---|
| 1 | RENATA B. HESSE, State Bar No. 148425 |
| | WILSON SONSINI GOODRICH & ROSATI |
| 2 | Professional Corporation |
| | 1700 K Street, NW |
| 3 | Washington, D.C.  10006-3817 |
| | Telephone:  (202) 973-8800 |
| 4 | Facsimile:   (202) 973-8899 |
| | Email:  RHesse@wsgr.com |
| 5 | |
| 6 | LISA A. DAVIS, State Bar No. 179854 |
| | WILSON SONSINI GOODRICH & ROSATI |
| 7 | Professional Corporation |
| | 650 Page Mill Road |
| 8 | Palo Alto, CA 94304-1050 |
| | Telephone:  (650) 493-9300 |
| 9 | Facsimile:   (650) 565-5100 |
| | Email: LDavis@wsgr.com |
| 10 | |
| 11 | Attorneys for Defendant |
| | TRANSITIONS OPTICAL, INC. |
| 12 | |
| 13 | JENNIFER SERAPHINE, State Bar No. 245463 |
| | JONES DAY |
| 14 | 555 California Street, 26th Floor |
| | San Francisco, CA 94104 |
| 15 | Telephone:  (415) 875-5892 |
| | Facsimile:  (415) 875-5700 |
| 16 | Email:  jseraphine@jonesday.com |
| 17 | Attorneys for Defendant |
| | ESSILOR OF AMERICA, INC. and |
| 18 | ESSILOR LABORATORIES OF AMERICA, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 22 | ERIC TERRELL, individually and on behalf of all others similarly situated, ) ) ) | CASE NO.:  3:10-cv-02738-RS |
| 23 | | JURY TRIAL DEMANDED |
| 24 | Plaintiff, ) ) | STIPULATION AND [PROPOSED] ORDER RE EXTENSION OF TIME |
| 25 | v. ) ) | FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND |
| 26 | TRANSITIONS OPTICAL, INC., ESSILOR OF AMERICA, INC., and ESSILOR ) ) | TO PLAINTIFF'S COMPLAINT PURSUANT TO CIV. L.R. 6-1(a) |
| 27 | LABORATORIES OF AMERICA, INC. ) ) | |
| 28 | Defendant. ) | |

-1-

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

1   Pursuant to Civil L.R. 6-1(a), plaintiff Eric Terrell ("Plaintiff") and defendants Transitions
2   Optical, Inc. ("TOI"), Essilor of America, Inc. and Essilor Laboratories, Inc. (collectively,
3   "Essilor") (collectively, "Defendants") hereby stipulate:
4   WHEREAS, on or about June 22, 2010, Plaintiff filed the complaint in this action, which
5   alleges violations of Section 2 of the Sherman Act, 15 U.S.C. § 2;
6   WHEREAS, Plaintiff styled the action as a proposed class action;
7   WHEREAS, as of the date of this stipulation, several other plaintiffs have filed class action
8   complaints in this District, including: *Donohoe v. Transitions Optical, Inc.,* 10-cv-01984-RS (N.D.
9   Cal); and *O'Keefe v. Transitions Optical, Inc.*, 10-cv-3099-RS (N.D. Cal.).
10   WHEREAS, as of the date of this stipulation, numerous other plaintiffs have filed
11   complaints in other federal courts, including: *First Image Optical v. Transitions Optical Inc., et
12   al.,* 10-cv-01032-RAL-TGW (M.D. Fla.); *B & B Eyes, Inc. v. Transitions Optical, Inc., et al.*, 10-
13   cv-00984-JDW-EAJ (M.D. Fla.); *Railway Optical, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-
14   01004-JDW-TGW (M.D. Fla.); *Achtman v. Transitions Optical, Inc.,* 10-cv-01158-EAK-MAP
15   (M.D. Fla.); *Klein v. Transitions Optical, Inc., et al.,* 10-cv-01358-VMC-TBM (M.D. Fla.); *Arthur
16   L. Cartier Optics v. Transitions Optical, Inc., et al.,* 2:10-cv-00694-MJP (W.D. Wa.); *Nouveau
17   Vision v. Transitions Optical Inc., et al.*, 10-cv-00547-JCC (W.D. Wa.); *Pennachio & Fishman v.
18   Transitions Optical Inc., et al.,* 10-cv-00730-BAT (W.D. Wa.); *Dr. Robert A. Sherman PC v.
19   Transitions Optical, Inc., et al.,* 10-01044 (W.D. Wa.); *Metropolitan Optical, Inc. v. Transitions
20   Optical, Inc., et al.,* 10-cv-01046 (W.D. Wa.); *Point of View v. Transitions Optical Inc., et al.,* 10-
21   cv-00761-JLR (W.D. Wa.); *See-Mor Optical of Hewlett, Inc. v. Transitions Optical Inc., et al.*, 10-
22   cv-21289-DLG (S.D. Fla.); *Gary Steven Eyes, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-
23   21518 (S.D. Fla.); *Optical Supply, Inc. v. Transitions Optical, Inc., et al.,* 10-cv-21739-ASG (S.D.
24   Fla.); *Sickbert Family Eye Care, LLC v. Transitions Optical Inc., et al.,* 10-cv-00881-F (N.D.
25   Tex.); *Carmel Mountain Vision Care v. Transitions Optical, Inc. et al.*, 10-cv-00835-RJL
26   (D.D.C.); and *Blake v. Transitions Optical, Inc., et al.,* 10-cv-02328-EFM-DJW (D. Kan.);
27   WHEREAS, as of the date of this stipulation, other plaintiffs have filed complaints in state
28   courts, which have subsequently been removed to federal courts, including: *Gable v. Transitions*

1  *Optical Inc., et al.,* 10-cv-00487-JVS-AN (C.D. Cal.); and *Sabani v. Transitions Optical Inc., et
2  al.,* 10-cv-00332 (E.D. Wis.);

3  WHEREAS, each of these complaints alleges federal or state antitrust actions as against
4  Defendant TOI and/or Defendants Essilor of America, Inc., Essilor Laboratories of America, Inc.,
5  and/or Essilor International SA and are styled as proposed class actions (collectively, the "Related
6  Actions");

7  WHEREAS, currently pending before the United States Judicial Panel on Multidistrict
8  Litigation ("JPML") are motions filed pursuant to 28 U.S.C. § 1407 for transfer and coordination
9  or consolidation of all related civil actions, including this action and the Related Actions, for
10 pretrial proceedings regarding alleged antitrust violations in the claimed market for the
11 development, manufacture and sale of photochromic treatments for corrective ophthalmic lenses;

12 WHEREAS, the Courts in six of the Related Actions, *B & B Eyes, Inc. v. Transitions
13 Optical, Inc., et al.*, 10-cv-00984-JDW-EAJ (M.D. Fla.); *Railway Optical, Inc. v. Transitions
14 Optical, Inc., et al.*, 10-cv-01004-JDW-TGW (M.D. Fla.); *First Image Optical v. Transitions
15 Optical Inc., et al.*, 10-cv-01032-RAL-TGW (M.D. Fla.); *Gary Steven Eyes, Inc., v. Transitions
16 Optical, Inc., et al.*, 10-cv-21518 (S.D. Fla.); *See-Mor Optical of Hewlett, Inc. v. Transitions
17 Optical Inc., et al.*, 10-cv-21289-DLG (S.D. Fla.); and *Optical Supply, Inc. v. Transitions Optical,
18 Inc., et al.*, 10-cv-21739-DLG (S.D. Fla.) have approved an extension of time for defendants in
19 those actions to respond to the respective complaints and have stayed other pretrial deadlines and
20 discovery pending the disposition of the motions pending before the JPML.  The courts in eleven
21 additional Related Actions, *Carmel Mountain Vision Care v. Transitions Optical, Inc., et al.*, 10-
22 cv-00835-RJL (D.D.C.); *Arthur L. Cartier Optics v. Transitions Optical Inc., et al.*, 10-cv-00694-
23 MJP (W.D. Wash.); *Nouveau Vision, Inc. v. Transitions Optical Inc., et al.*, 10-cv-00547-JCC
24 (W.D. Wash.); *Pennachio & Fishman, M.D., P.A. v. Transitions Optical Inc., et al.*, 10-cv-00730-
25 BAT (W.D. Wash.); *Point of View, Inc. v. Transitions Optical Inc., et al.*, 10-cv-00761-JLR (W.D.
26 Wash.); *Donohoe v. Transitions Optical, Inc.*, 10-cv-1098-MEJ (N.D. Cal.); *Gable v. Transitions
27 Optical Inc., et al.*, 10-cv-00487-JVS-AN (C.D. Cal.); *Sabani v. Transitions Optical Inc., et al.*,
28 10-cv-00332 (E.D. Wis.); *Achtman v. Transitions Optical, Inc.*, 10-cv-01158-EAK-MAP (M.D.

-3-
STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Fla.); *Blake v. Transitions Optical, Inc., et al.,* 10-cv-02328-EFM-DJW (D. Kan.) and *Sickbert Family Eye Care, LLC v. Transitions Optical Inc., et al.,* 10-cv-00881-F (N.D. Tex.) have entered orders approving essentially the same terms proposed by Plaintiff and Defendants here.

WHEREAS, in light of the proceedings before the JPML, the orders granting stipulations in the Related Actions, the potential for additional complaints in this and other various jurisdictions, and the complex nature of Plaintiff's allegations, Plaintiff and Defendants, by and through their undersigned counsel, stipulate to the following Order:

(1) Defendants' time to answer, move or otherwise respond to the Complaint is hereby extended until disposition of the JPML proceeding as provided below.

(a) If the JPML transfers this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, Defendants shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the complaint in the above captioned action (the "Complaint") within 45 days after either: (i) the plaintiffs in the consolidated or coordinated actions serve consolidated amended complaints, or (ii) the plaintiffs in the consolidated or coordinated actions serve notice that they will not file consolidated amended complaints.

(b) If the JPML denies the motions to transfer this case and all related civil actions to a single district for coordinated or consolidated pretrial proceedings, Defendants shall, as permitted by Federal Rule 12, answer, move or otherwise plead in response to the Complaint within 45 days after service of the JPML ruling.

In either event, if Defendants file any motions pursuant to Rule 12, Plaintiff shall respond to any such motions within 60 days.  Defendants shall file their replies, if any, within 45 days of the date when Plaintiff's response is due.

(2) Neither Plaintiff nor Defendants shall serve discovery requests or seek a case scheduling conference or order in this matter until disposition of the JPML proceeding.  If a plaintiff in any of the Related Actions serves a discovery request or seeks a case scheduling conference or order, or a court in any of the Related Actions orders an answer or responsive pleading or issues a discovery-related order prior to disposition of the JPML proceeding,

1  Defendants shall move to set aside such requests or orders, and Plaintiff shall not oppose any such
2  motions.  Notwithstanding the above, if any Defendant files an answer or other responsive
3  pleading in any of the Related Actions before the date required by this stipulation, or responds to
4  any discovery, such Defendant will concurrently file its answer or responsive pleading, or produce
5  the same discovery, in this matter.  Any discovery production will be subject to a protective order
6  to be negotiated by the parties.

7     (3)   Plaintiff and Defendants further stipulate and agree that the entry into this
8  stipulation by Defendants shall not constitute a waiver of any jurisdictional defenses, other than
9  personal jurisdiction, that may be available under Rule 12 of the Federal Rules of Civil Procedure,
10 a waiver of any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, or a
11 waiver of any other statutory or common law defenses that may be available to Defendant in this
12 and the other Related Actions.  Defendants expressly reserves their rights to raise any such
13 defenses in response to either the current Complaint or any amended complaint that may be filed
14 relating to this action.

15     (4)   Defendants agree that they have been served or have agreed to waive service with
16 respect to this action.

17     (5)   All parties agree that they will preserve documents and other materials relevant to
18 this action and the Related Actions, or otherwise discoverable in this action.

19     In accord with Civil L.R. 6-1(a), this change will not alter the date of any event or any
20 deadline already fixed by Court Order.  Other than the Case Management Conference set for
21 September 29, 2010, the parties are unaware of any other pending deadlines or events fixed by
22 Court Order in this case.

23
24 Dated: August 2, 2010           **WILSON SONSINI GOODRICH & ROSATI**
                                   **A Professional Corporation**
25
                                   By: /s/  Lisa A. Davis
26                                         Lisa A. Davis
27                                 Attorneys for Transitions Optical, Inc.
28

-5-
STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO
ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Dated:  August 2, 2010                                    **THE TERRELL LAW GROUP**

                                                                           By: /s/  <u>Reginald Terrell</u>
                                                                                         Reginald Terrell

                                                                       Attorneys for Plaintiff and the Proposed Class
                                                                       Eric Terrell


Dated:  August 2, 2010                                    **JONES DAY**

                                                                                                By: /s/  <u>Jennifer Seraphine</u>
                                                                                              Jennifer Seraphine

                                                                       Attorneys for Defendants Essilor of America,
                                                                       Inc. and Essilor Laboratories of America, Inc.

1  **~~PROPOSED~~ ORDER**

2  PURSUANT TO STIPULATION, IT IS SO ORDERED.  Defendant's time to file its
3  response to Plaintiff's Complaint is hereby extended in accordance with the Stipulation re
4  Extension of Time for Defendant to Answer, Move or Otherwise Respond to Plaintiff's Complaint
5  Pursuant to CIV. L.R. 6-1(a).

7  Dated: __8/4__, 2010

8  By: _____/s/ Richard Seeborg_____
9  The Honorable Richard Seeborg
   UNITED STATES DISTRICT JUDGE